[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 5, 2007
THOMAS K. KAHN
CLERK

------------------------------------------

No. 06-15955
Non-Argument Calendar

------------------------------------------

D.C. Docket No. 06-00070-CR-3-LAC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BOBBY BONAM,

Defendant-Appellant.

----------------------------------------------------------------

Appeal from the United States District Court
for the Northern District of Florida

----------------------------------------------------------------

**(December 5, 2007)**

Before EDMONDSON, Chief Judge, ANDERSON and BIRCH, Circuit Judges.

PER CURIAM:

Defendant-Appellant Bobby Bonam appeals his 236-month sentence for

conspiracy to distribute and possess with intent to distribute five kilograms or

more of cocaine and 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a) and 846. No reversible error has been shown; we affirm.

Bonam first challenges the enhancement to his sentence pursuant to U.S.S.G. § 2D1.1(b)(1) for possessing a firearm during the commission of his offense. "For sentencing purposes, possession of a firearm involves a factual finding, which we review for clear error." United States v. Stallings, 463 F.3d 1218, 1220 (11th Cir. 2006). "To justify a firearms enhancement, the government must either establish by a preponderance of the evidence that the firearm was present at the site of the charged conduct or prove that the defendant possessed a firearm during conduct associated with the offense of conviction." Id. The defendant's conduct includes "acts that were part of the same course of conduct or common scheme or plan as the offense of conviction." Id. (internal quotation omitted). Therefore, the enhancement can be applied when a firearm is possessed by a co-conspirator.[1] United States v. Pham, 463 F.3d 1239, 1245 (11th Cir.

---

[1]The section 2D1.1(b)(1) enhancement applies to a co-conspirator when the government establishes these things:

> (1) the possessor of the firearm was a co-conspirator, (2) the possession was in furtherance of the conspiracy, (3) the defendant was a member of the conspiracy at the time of possession, and (4) the co-conspirator possession was reasonably foreseeable by the defendant.

United States v. Fields, 408 F.3d 1356, 1359 (11th Cir. 2005) (internal quotation omitted).

2006).  After the government meets its burden, "the evidentiary burden shifts to the defendant to show that a connection between the firearm and the offense is clearly improbable."  United States v. Hall, 46 F.3d 62, 63 (11th Cir. 1995).

Here, the district court properly applied the firearm enhancement to Bonam's sentence.  Several of Bonam's co-conspirators testified at his sentencing hearing about the use of firearms.  For example, Rafael Goodwin testified that he bought cocaine from Bonam at least 20 times and that he saw Bonam with guns, including a gun stored under the seat of Bonam's car.  Marcus Porter, who also repeatedly bought cocaine from Bonam and explained that Bonam knew that Porter was armed during their drug transactions, testified that Bonam provided Porter with a .357 magnum gun.  And Avarah Williams testified that he accompanied Goodwin to buy drugs from Bonam, who had a revolver.  Therefore, some of Bonam's co-conspirators testified that they possessed firearms during their drug transactions with Bonam and that Bonam also possessed firearms.  For the district court to apply the section 2D1.1(b)(1) enhancement to Bonam's sentence was not clearly erroneous.[2]

---

[2]To the extent that Bonam argues that the burden-shifting analysis described in Stallings, 463 F.3d at 1220, violates due process, we reject this argument.  See United States v. Steele, 147 F.3d 1316, 1317-18 (11th Cir. 1998) (en banc) ("Under our prior precedent rule, a panel cannot overrule a prior one's holding . . . .").  In addition, Bonam suggests that his lawyer's failure to request a continuance of his sentencing hearing to challenge the firearm enhancement was ineffective assistance of counsel.  Because the record is not sufficiently developed to consider this claim, we

Bonam next challenges the district court's denial of his request for safety-valve relief pursuant to 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2(a). Under U.S.S.G. § 5C1.2(a), a district court shall sentence a defendant in certain drug-possession cases "without regard to any statutory minimum sentence" if the defendant meets five listed criteria. When considering the denial of safety-valve relief, we review findings of fact for clear error and the application of the Guidelines to those facts <u>de</u> <u>novo</u>. <u>United States v. Johnson</u>, 375 F.3d 1300, 1301 (11th Cir. 2004). And the burden is on the defendant to show that he has satisfied all of the safety-valve factors and that the information he has provided is truthful. <u>United States v. Cruz</u>, 106 F.3d 1553, 1557 (11th Cir. 1997).

Section 5C1.2(a)(5) requires a defendant to disclose truthfully and fully information within his knowledge about the crime for which he is being sentenced. <u>See</u> <u>United States v. Figueroa</u>, 199 F.3d 1281, 1283 (11th Cir. 2000). To meet this requirement, a defendant "must demonstrate to the court that he has made a good faith attempt to cooperate with the authorities." <u>Cruz</u>, 106 F.3d at 1557 (internal quotation omitted). Therefore, "[t]he burden is on the defendant to come forward

___

will not address it. <u>See</u> <u>United States v. Bender</u>, 290 F.3d 1279, 1284 (11th Cir. 2002) (explaining that we generally will not consider claims of ineffective assistance of counsel on direct appeal if the district court did not entertain the claim or develop a factual record). And we are not persuaded by Bonam's assertion that the probation officer who prepared his pre-sentence investigation report may not have been impartial because the probation officer "works in the same building" and "gets a paycheck from the same source as the Judge and the AUSA."

and to supply truthfully to the government all the information that he possesses about his involvement in the offense, including information relating to the involvement of others and to the chain of the narcotics distribution." Id.

At Bonam's sentencing, Agent Chris Rigoni testified that he did not believe that Bonam had been forthright about the quantity of drugs that he sold and that Bonam had not told law enforcement about all the sources of his drug supply. For example, Agent Rigoni testified that, in the two-month period before Bonam's arrest, Bonam had 94 telephone conversations with a drug dealer named "Money" and 366 telephone conversations with another dealer named "Bug"; but Agent Rigoni explained that Bonam did not disclose his involvement with these people. The district court did not clearly err in determining that Bonam had not truthfully and fully disclosed information about his crime and that the safety-valve provisions did not apply to his conviction.[3]

We next consider Bonam's argument that imposing a greater sentence for offenses involving crack cocaine, instead of powder cocaine, is discriminatory and unconstitutional. Because Bonam has not previously raised this issue, we review

---

[3]Because we conclude that Bonam did not satisfy U.S.S.G. § 5C1.2(a)(5), we need not discuss his argument that he satisfied section 5C1.2(a)(2).

it only for plain error. See United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005).[4]

"Under 21 U.S.C. § 841 and [section] 2D1.1 of the Sentencing Guidelines, a defendant convicted of an offense involving 'cocaine base' (i.e., crack cocaine) faces a longer possible sentence than a defendant convicted of an offense involving the same amount of powder cocaine, a chemically-similar substance." United States v. Williams, 456 F.3d 1353, 1364 (11th Cir. 2006) (footnote omitted). But we have already rejected the arguments that Bonam now raises to this disparity. Id. at 1364-69; see also United States v. King, 972 F.2d 1259, 1260 (11th Cir. 1992) (rejecting equal protection challenge to the crack-to-cocaine ratio).

We also reject Bonam's claim that the conversion rate used by the district court -- to convert the quantity of powder cocaine attributable to Bonam to crack cocaine -- was erroneous. Bonam was held responsible for distributing 17.8 kilograms of cocaine; and the district court applied a 20% "conversion rate" to determine that the amount of cocaine base attributable to Bonam was 3.56

---

[4]Therefore, Bonam must establish "(1) error, (2) that is plain, and (3) that affects substantial rights." Rodriguez, 398 F.3d at 1298 (internal quotation omitted). "If all three conditions are met, [we] may then exercise [our] discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (internal quotation omitted).

kilograms. Bonam offers no specific reason why this conversion rate was erroneous; and we see no error, much less plain error, here. See United States v. Pope, 461 F.3d 1331, 1334-37 (11th Cir. 2006) (affirming sentence based on 80% conversion rate of powder cocaine to crack cocaine).

Bonam also contends that his sentence exceeded what was needed to reflect the seriousness of his offense, afford adequate deterrence, and protect the public.[5] We review his sentence for reasonableness in the light of the factors set out in 18 U.S.C. § 3553(a). United States v. Winingear, 422 F.3d 1241, 1244-46 (11th Cir. 2005). Under section 3553(a), a district court should consider, among other things, the nature and circumstances of the offense, the history and characteristics of the defendant, the need for adequate deterrence and protection of the public, policy statements of the Sentencing Commission, provision for the medical and educational needs of the defendant, and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a)(1)-(7).

---

[5]In making this argument, Bonam notes that U.S.S.G. § 3B1.2 provides for a minor role adjustment; but he offers no facts or argument to support why he should have received this adjustment. Therefore, Bonam has abandoned this argument. See United States v. Cunningham, 161 F.3d 1343, 1344 (11th Cir. 1998). Even if we were to assume that Bonam had not abandoned this issue, we see no clear error in the district court's decision that Bonam was unentitled to a minor role reduction in this case. See United States v. Nguyen, 255 F.3d 1335, 1345 (11th Cir. 2001) ("A district court's finding that a defendant is not entitled to a minor role reduction will not be disturbed unless clearly erroneous.").

7

Here, the district court explained that it determined Bonam's sentence after considering all of the section 3553(a) factors. Bonam's sentence was within his advisory Guidelines range. See United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005) (noting that "ordinarily we would expect a sentence within the Guidelines range to be reasonable"). The Supreme Court has recently explained that "a court of appeals may apply a presumption of reasonableness to a district court sentence that reflects a proper application of the Sentencing Guidelines." See Rita v. United States, 127 S. Ct. 2456, 2462 (2007). The district court also explained that Bonam's sentence was sufficient and was intended to deter similar conduct by other people. The district court judge was not required to discuss all of the section 3553(a) factors at the sentencing hearing. See United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). Nothing in the record convinces us that Bonam's sentence was unreasonable in the light of the section 3553(a) factors.

**AFFIRMED.**