[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-10482
Non-Argument Calendar

_____

D.C. Docket No. 2:11-cr-00059-JES-SPC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN CARLOS VEGA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 11, 2012)

Before HULL, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

Juan Vega appeals his 51-month sentence, imposed after he pled guilty to six counts of distribution of a quantity of cocaine and one count of possession with intent to distribute a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).  On appeal, Vega argues the district court (1) misapplied the U.S.S.G. § 2D1.1(b)(1) firearm enhancement, (2) misapplied the U.S.S.G. § 2D1.1(b)(12) premises enhancement, and (3) imposed a substantively unreasonable sentence.[1]  After review, we affirm Vega's sentence and remand for the limited purpose of correcting a clerical error in the written judgment.

## I.

Vega contends the district court erred in imposing the firearm enhancement because there is no evidence the firearm had any connection to the drug activity. We review for clear error the district court's findings of fact under U.S.S.G. § 2D1.1(b)(1), and we review *de novo* the application of the Guidelines to those facts.  *United States v. Pham*, 463 F.3d 1239, 1245 (11th Cir. 2006).

Section 2D1.1(b)(1) provides that the offense level for a drug offense is increased by two levels "[i]f a dangerous weapon (including a firearm) was

---

[1] Vega also contends the district court incorrectly assessed criminal-history points for two of Vega's prior convictions under Fla. Stat. Ann. § 893.13, because that statute is facially unconstitutional.  The cases upon which Vega relies to establish that § 893.13 is facially unconstitutional have since been reversed. Regardless, the district court is ordinarily not permitted to assess the constitutionality of a previous conviction during a sentencing hearing. *See United States v. Cooper*, 203 F.3d 1279, 1287 (11th Cir. 2000).

possessed." U.S.S.G. § 2D1.1(b)(1). The Guidelines instruct the district court to apply the enhancement "if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." *Id.*, cmt. n.3. The government has the initial burden to show by a preponderance of the evidence, *inter alia*, that the firearm was present at the site of the charged conduct. *United States v. Stallings*, 463 F.3d 1218, 1220 (11th Cir. 2006). If the government meets its burden, the burden shifts to the defendant to prove that a connection between the weapon and the offense is "clearly improbable." *Id.* "[T]he mere fact that a drug offender possesses a firearm does not necessarily give rise to the firearms enhancement. The government must show some nexus beyond mere possession between the firearms and the drug crime." *Id.* at 1221.

The district court did not err by applying the firearm enhancement pursuant to § 2D1.1(b)(1). The firearm's location in a safe with drug paraphernalia and in a room with more than 40 grams of cocaine establishes a "nexus beyond mere possession." *See Stallings*, 463 F.3d at 1221. Moreover, Vega did not prove that a connection between the weapon and the offense was "clearly improbable," as the firearm was present on the date Vega was arrested, was in proximity to several

3

drug-related objects and cocaine, and was located in the house where previous drug transactions had occurred.[2]

## II.

Vega argues the district court erred in applying the two-level premises enhancement pursuant to § 2D1.1(b)(12). Because Vega did not raise this issue before the district court, we review for plain error. *See United States v. Bacon*, 598 F.3d 772, 777 (11th Cir. 2010). To establish plain error, the defendant must show (1) an error, (2) that is plain, and (3) that affects substantial rights. *Id.* "An error is plain if it is obvious and clear under current law." *Id.* (quotations omitted).

Section 2D1.1(b)(12) of the Guidelines adds a two-level enhancement "[i]f the defendant maintained a premises for the purpose of manufacturing or distributing a controlled substance," including "storage of a controlled substance for the purpose of distribution." U.S.S.G. § 2D1.1(b)(12) & cmt. n.28. We have not yet interpreted § 2D1.1(b)(12), and there is no Supreme Court precedent on the issue.

---

[2] Vega's argument that the burden should not have shifted to him to show the connection was "clearly improbable" fails. As Vega acknowledges, we have long provided for this shifting burden. *See Stallings*, 463 F.3d at 1220.

The district court did not plainly err by applying the two-level enhancement pursuant to § 2D1.1(b)(12) because Vega sold cocaine out of his home on multiple occasions. Even assuming *arguendo* the district court's application of the enhancement was error, any error was not plain, as no binding precedent established that the court's application of the enhancement on such facts was erroneous. *See United States v. Aguillard*, 217 F.3d 1319, 1321 (11th Cir. 2000) ("[W]here neither the Supreme Court nor this Court has ever resolved an issue . . . there can be no plain error in regard to that issue.").

## III.

Vega contends his sentence is substantively unreasonable based on his age and the fact that he has never spent a significant amount of time incarcerated. He notes that law enforcement initiated each of the drug purchases, in increasing amounts, which increased the drug quantity and significantly affected his Guidelines range.

We review the reasonableness of sentences under a deferential abuse-of-discretion standard. *Gall v. United States,* 128 S. Ct. 586, 597 (2007). Once we determine a sentence is procedurally sound, we examine whether or not the sentence was substantively reasonable in light of the totality of the circumstances. *Id.* The party who challenges the sentence bears the burden to show it is

5

unreasonable in light of the record and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

Vega fails to demonstrate his sentence is substantively unreasonable in light of the record and the § 3553(a) factors. The district court properly considered the § 3553(a) factors and discussed Vega's arguments, and sentenced Vega to a term at the low end of the Guidelines range. *See United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) (noting we ordinarily expect sentences within the Guidelines range to be reasonable). The district court declined to vary downward because, despite having several convictions which did not result in jail time, Vega continued to "sell[] all the cocaine the agents could buy." Vega's sentence was substantively reasonable.

## IV.

The Government concedes this case should be remanded to allow the district court to correct a clerical error in the judgment regarding the description of Vega's conviction as to Count 7. The indictment charged Vega with six counts of distribution and one count of possession with intent to distribute. Vega pled guilty to those charges, but the written judgment was recorded for seven counts of distribution. We remand for the limited purpose of correcting the clerical error in the written judgment. *See United States v. James*, 642 F.3d 1333, 1343 (11th Cir.

6

2011) ("We may remand with instructions to correct a clerical error in the judgment.").

**AFFIRMED IN PART, REMANDED IN PART.**