[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 14, 2011
JOHN LEY
CLERK

No. 10-11617
Non-Argument Calendar

_____

D.C. Docket No. 4:08-cr-00029-SPM-WCS-14

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TERRY PATRICK TURNER,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(March 14, 2011)

Before TJOFLAT, CARNES and BLACK, Circuit Judges.

PER CURIAM:

Terry Patrick Turner appeals his 188-month sentence imposed after he was found guilty of conspiracy to distribute and possessing with intent to distribute more than 50 grams of actual methamphetamine and more than 500 grams of a mixture and substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1),(b)(1)(A)(viii), and 846. Turner claims the district court clearly erred in applying a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1). Specifically, he contends: (1) there was no evidence presented establishing the time period during which he was alleged to have possessed firearms in relation to the conspiracy; (2) there was no specific finding that firearms were possessed by his co-defendants in furtherance of the conspiracy; or (3) that he was a member of the conspiracy at the time of his alleged possession of the firearms. After review, we vacate Turner's sentence and remand for further proceedings in light of this opinion.[1]

"Sentencing Guidelines subsection 2D1.1(b)(1) provides that the offense level for a drug offense is increased by two levels 'if a dangerous weapon (including a firearm) was possessed.'" *United States v. Hall*, 46 F.3d 62, 63 (11th Cir. 1995). "To justify a firearms enhancement, the government must either

---

[1]We review a district court's findings of fact under U.S.S.G. § 2D1.1(b)(1) for clear error and the application of the Sentencing Guidelines to those facts de novo. *United States v. Pham*, 463 F.3d 1239, 1245 (11th Cir. 2006).

2

establish by a preponderance of the evidence that the firearm was present at the site of the charged conduct or prove that the defendant possessed a firearm during conduct associated with the offense of conviction." *United States v. Stallings*, 463 F.3d 1218, 1221 (11th Cir. 2006). The evidence presented at sentencing did not establish that Turner had possessed any of these firearms when or where the drug trafficking was occurring or in a manner related to the furtherance of the conspiracy. Thus, the enhancement cannot be affirmed on this basis because the Government failed to establish Turner himself possessed the firearms.

Section 2D1.1(b)(1) may also be applied when a firearm is possessed by a co-conspirator if the Government proves by a preponderance of the evidence that: "(1) the possessor of the firearm was a co-conspirator, (2) the possession was in furtherance of the conspiracy, (3) the defendant was a member of the conspiracy at the time of the possession, and (4) the co-conspirator possession was reasonably foreseeable by the defendant." *United States v. Gallo*, 195 F.3d 1278, 1284 (11th Cir. 1999) (emphasis omitted).

Although the Government presented testimony from DEA Agent Kevin Whittle as to the origin of the guns obtained by Turner's co-conspirators, Custodio Guerra and Jonathan Stephens, the district court specifically found that Turner, not his co-conspirators possessed the firearms, and we cannot determine by the district

3

court's findings whether the *Gallo* requirements are met. Accordingly, we vacate Turner's sentence and remand for further proceedings consistent with this opinion.

**VACATED AND REMANDED.**