PER CURIAM:
In 2011, we vacated the sentence imposed on Terry Patrick Turner and remanded for further proceedings. We con-eluded that the government had failed to show that Mr. Turner himself possessed certain firearms, and as a result there was no basis for assessing a two-level enhancement under USSG § 2Dl.l(b)(l). The record was also unclear as to whether the enhancement could be applied based on the possession of firearms by Mr. Turner’s co-conspirators. See United States v. Turner, 417 Fed.Appx. 880, 882 (11th Cir. 2011).
On remand, the district court again applied the two-level enhancement, and sentenced Mr. Turner to 188 months in prison for conspiring to possess methamphetamine with the intent to distribute, in violation of 21 U.S.C. § 846. Relying on the evidence presented at the initial sentencing hearing, the district court found that Mr. Turner’s co-conspirators had possessed firearms in furtherance of the drug conspiracy and that the requirements under United States v. Gallo, 195 F.3d 1278, 1284 (11th Cir.1999), had been met. Mr. Turner now appeals.
Following review of the record, and with the benefit of oral argument, we affirm. In our view, the district court’s factual findings on the Gallo requirements are not clearly erroneous.
I
Under § 2Dl.l(b)(l), a defendant’s sentence can be enhanced for the possession of a firearm by another person if four requirements are met: “(1) the possessor of the firearm was a co-conspirator, (2) the possession was in furtherance of the conspiracy, (3) the defendant was a member of the conspiracy at the time of the possession, and (4) the co-conspirator possession was reasonably foreseeable by the defen *842 dant.” Gallo, 195 F.3d at 1284 (11th Cir. 1999).
We review the district court’s findings of fact under § 2D1.1 for clear error, and the application of the guidelines to those facts de novo. See Gallo, 195 F.3d at 1280. A district court’s subsidiary Gallo findings are factual ones that we review only for clear error. See, e.g., United States v. Pham, 463 F.3d 1239, 1246 (11th Cir.2006) (“[T]he district court did not clearly err by finding that it was reasonably foreseeable that a firearm would be possessed by a co-conspirator.”); United States v. Fields, 408 F.3d 1356, 1359 (11th Cir.2005) (“The district court did not clearly err in finding that [the co-conspirators’] possession of the firearms was in furtherance of their drug conspiracy_”). We will not set aside a factual finding unless we are “left with a definite and firm conviction that a mistake has been committed.” Jones v. Childers, 18 F.3d 899, 904 (11th Cir.1994) (citations and internal quotation marks omitted).
II
In 2009, a jury convicted Mr. Turner for his involvement in a methamphetamine distribution conspiracy in northern Florida. Co-conspirators Celso and Custodio Guerra supplied the drugs. Mr. Turner financed several methamphetamine purchases from the Guerra brothers through various liaisons, including co-conspirator Jonathan Stephens. The evidence at the initial sentencing hearing indicated that Mr. Turner had provided a rifle to Custo-dio Guerra, which Mr. Guerra then sold to an undercover Drug Enforcement Administration agent who testified at the hearing. During this transaction, Mr. Guerra also indicated that Mr. Turner had another gun available for sale. Mr. Turner had also provided Mr. Stephens with a firearm, which authorities recovered during Mr. Stephens’ subsequent arrest on other charges.
On remand, the district court made the following findings:
The government has demonstrated through reliable evidence that the defendant had a relationship with co-conspirators Guerra and Stephens that involved the exchange of firearms in trafficking in methamphetamine. Guerra and Stephens possessed firearms during the time the defendant was a member of the drug conspiracy. Guerra and Stephens possessed the firearms in furtherance of the conspiracy to protect themselves, their drugs, and their money, during drug transactions. The possession was reasonably foreseeable to the defendant because he provided the firearms to the co-conspirators and the firearms were used for protection during drug transactions that the defendant financed.
R:631 at 7-8. The district court concluded that the enhancement was appropriate based on the co-conspirators’ firearm possession.
On appeal, Mr. Turner asserts that the evidence does not support the district court’s findings that the gun possession was in furtherance of the conspiracy and that the gun possession was reasonably foreseeable to him. He does not challenge the district court’s other subsidiary Gallo findings.
A
Mr. Turner first argues that the record lacks evidence directly connecting the co-conspirators’ possession of firearms to the drug conspiracy. We disagree.
More than mere gun possession is often required to affirm a district court’s application of a § 2Dl.l(b)(l) enhancement. See United States v. Stallings, 463 F.3d 1218, 1221 (11th Cir.2006) (requiring *843 some nexus between the firearm and the drug crime). To permit an enhancement based on a co-conspirator’s firearm possession, that possession must have been “in furtherance” of the conspiracy, a phrase which has been construed to mean that “the firearm helped, furthered, promoted, or advanced” the conspiracy. See United States v. Timmons, 283 F.3d 1246, 1252 (11th Cir.2002) (discussing “in furtherance” in the context of 18 U.S.C. § 924(c)). In Mr. Turner’s case, the district court specifically found that the co-conspirators possessed the firearms for the purpose of “protect[ing] themselves, their drugs and their money.” This finding, we conclude, was not clearly erroneous.
The record includes testimony from Agent Kevin Whittle, an undercover DEA agent who purchased guns and drugs on various occasions during the conspiracy. Agent Whittle testified that he purchased a Mauser rifle from Mr. Custodio Guerra, and discussed purchasing a .45 semi-automatic handgun from Mr. Guerra. Agent Whittle further testified that Mr. Guerra received both guns from “Pat,” who he understood to be Mr. Turner, and that Mr. Guerra discussed his personal practice of being armed during drug transactions. Although Mr. Guerra was not separately armed during his transaction with Agent Whittle, that did not prevent the district court from reasonably inferring that Mr. Guerra generally used guns for protection — including the one he received from Mr. Turner — while selling drugs. After all, the transaction between Mr. Guerra and Agent Whittle was not a drug transaction, and Mr. Guerra may not have needed an additional weapon given that he was carrying the rifle he was selling to Agent Whittle. We do not mean to suggest that the record could not have supported a different finding. All we conclude is that the district court’s finding was permissible based on reasonable inferences from Agent Whittle’s testimony. See United States v. Ladson, 643 F.3d 1335, 1341 (11th Cir. 2011) (noting that factual findings in support of a sentencing enhancement must be affirmed so long as they are plausible based on the record as a whole).
Mr. Turner points out that no drugs were exchanged during the particular transaction between Agent Whittle and Mr. Guerra. This argument, however, misses the mark because evidence indicating a general practice of carrying guns during drug transactions can support an enhancement for possession of a firearm. See United States v. Slade, 631 F.3d 185, 189 (4th Cir.2011) (affirming a § 2Dl.l(b)(l) enhancement based, in part, on testimony that the defendant “always carried guns” during drug trafficking); United States v. Alred, 144 F.3d 1405,1420 (11th Cir.1998) (affirming a § 2Dl.l(b)(l) enhancement based on a defendant’s gun possession and co-conspirator’s testimony that guns were “laying everywhere” during a drug transaction). The testimony about Mr. Guerra’s stated practice of carrying guns when selling drugs and the evidence suggesting a history of drugs and guns associated with Mr. Turner and his co-conspirators reasonably support the district court’s finding that Mr. Guerra used firearms for protection.
This was not, moreover, the only evidence supporting the enhancement. As noted earlier, Mr. Turner gave another co-conspirator, Mr. Stephens, at least one firearm in an apparent “gun swap.” And Mr. Turner also gave money to Mr. Stephens on several occasions to purchase methamphetamine from Mr. Guerra. Although the record is unclear regarding the exact timing and sequence of these events, the district court could reasonably find that Mr. Turner armed Mr. Stephens with a gun while Mr. Stephens carried out drug transactions financed by Mr. Turner. Giv *844 en the sometimes “frequent and overpowering connection” between firearms and drug trafficking, see United States v. Cruz, 805 F.2d 1464, 1474 (11th Cir.1986), the district court did not clearly err in concluding that the firearms were possessed in furtherance of the conspiracy.
B
Mr. Turner also contends that his co-conspirators’ firearm possession was not reasonably foreseeable to him. We find this argument unpersuasive given that Mr. Turner himself supplied those co-conspirators (Mr. Guerra and Mr. Stephens) with firearms. “[G]uns are a tool of the drug trade,” Cruz, 805 F.2d at 1474, and the district court could reasonably find that it was reasonably foreseeable to Mr. Turner that co-conspirators would possess firearms he himself provided in furtherance of the conspiracy. See Pham, 463 F.3d at 1246. Although Mr. Turner argues that the firearm sales and the drug sales were separate and unrelated transactions, the district court rejected this theory, finding that the conspiracy “involved the exchange of firearms in the trafficking of methamphetamine.” That finding, on this record, was not clearly erroneous.
Ill
In sum, the district court did not clearly err in applying a § 2Dl.l(b)(l) enhancement for the co-conspirators’ possession of firearms. We do not, of course, adopt any per se rule that the act of selling a gun to a co-conspirator during the course of a drug conspiracy automatically or necessarily gives rise to a sentencing enhancement. As we have noted elsewhere, “a similar fact pattern may on occasion give rise to two reasonable and different constructions.” United States v. Rodriguez De Varon, 175 F.3d 930, 945 (11th Cir.1999) (en banc). Our ruling today merely reflects the deference given to a district court’s factual determinations regarding the connection, if any, between firearms and a drug conspiracy. See United States v. Nino, 967 F.2d 1508, 1514 (11th Cir. 1992) (noting “the deference due district courts’ factual determinations for sentencing purposes”).
Mr. Turner’s sentence is affirmed.
Affirmed.