BRIGHT, Circuit Judge,
concurring in part and dissenting in part.
This is a close case marked by the lack of direct evidence of appellant-defendant Albert Ellis’s (Ellis) guilt. Instead, the government relies, primarily, on circumstantial evidence to sustain Ellis’s convictions. Based upon the evidence submitted at trial, while on somewhat different grounds, I concur in the majority’s conclusion that the circumstantial evidence is sufficient to sustain Ellis’s convictions for possessing a firearm as a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), 924(e), and possessing heroin with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). I further agree with the majority that the district court *581 did not abuse its discretion by admitting evidence of Ellis’s prior felony drug-trafficking conviction. I dissent, however, from the majority’s holding that sufficient evidence supported- Ellis’s conviction for “carrying]” a firearm “during and in relation to” a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A)..
“We review the denial of a motion for acquittal by viewing the evidence in the light most favorable to the verdict, giving the government the benefit of all reasonable inferences to be drawn from the evidence.” United States v. Davis, 103 F.3d 660, 667 (8th Cir.1996) (emphasis added). We will uphold the conviction unless “a reasonable factfinder must have entertained a reasonable doubt about the government’s proof of one of the, offense’s essential elements.”- Id. (quoting United States v. French, 88 F.3d 686, 687-88 (8th Cir.1996)). This “ ‘standard applies even where the conviction rests entirely on circumstantial evidence.’ ” United States v. Wilcox, 50 F.3d 600, 602-03 (8th Cir.1995) (quoting Durns v. United States, 562 F.2d 542, 546 (8th Cir.1977)). “[WJhere the government’s evidence is equally strong to infer innocence of the crime charged as it is to infer guilt, the verdict must be one of not guilty and the court has a duty to direct an acquittal.” United States v. Kelton, 446 F.2d 669, 671 (8th Cir.1971) (emphasis added).
Under the statute, to sustain Ellis’s conviction, the government must prove Ellis “carrie[d]” a firearm “during and in relation to ... [a] drug trafficking crime.” 18 U.S.C. § 924(e)(1)(A). The Supreme Court held that the word “carr[y]” in section 924(c)(1) means the government must prove the firearm was either on the defendant or accompanying the defendant. Muscarello v. United States, 524 U.S. 125, 130-31, 118 S.Ct. 1911, 141 L.Ed.2d 111 (1998). Thus, to “carry” a firearm requires some “conveyance” of the firearm, whether by bearing the firearm or “carrying ... [the] firearm in a vehicle.” Id. at 128-30, 139, 118 S.Ct. 1911. •
The Supreme Court further defined the phrase “in relation to” under section 924(c)(1) to mean “the firearm must have some purpose or effect with respect to the drug trafficking crime; its presence or involvement cannot be the result of accident or coincidence.” Smith v. United States, 508 U.S. 223, 237-38, 113 S.Ct. 2050, 124 L.Ed.2d 138 (1993). The words “during and in relation to” are the “limiting ' phrase” in section'" 924(c)(1) that “should prevent misuse of the statute to penalize those whose conduct does not create the risks of harm at which the statute aims,” — namely convincing an individual to “ ‘leave his [or her] gun at home’ ” when “‘tempted to commit a Federal felony.’” Muscarello, 524 U.S. at 132, 139, 118 S.Ct. 1911, 141 L.Ed.2d 111 (quoting 114 Cong. Rec. 22231 (1968) (statement of. Rep. Poff)).
' Beginning with the “carrying” prong of section 924(c)(1), the record shows no evidence, direct or circumstantial, that Ellis carried the firearm from the basement of the duplex to the vehicle. Instead, the evidence presented at trial included: (1) Jacqueline Clancey’s (Clancey) testimony that, (a) Ellis told Clancey he had a firearm, (b) Clancey never saw Ellis with a firearm, (c) Clancey found a firearm in the basement' of the duplex, (d) Clancey believed the firearm belonged to Ellis, (e) Clancey moved the firearm -to a secret location — unknown to Ellis, and (f) Clan-cey did not move the firearm in Ellis’s inoperable vehicle; and (2) Mathew Johnson’s testimony that he did not place the firearm in Ellis’s inoperable vehicle. None of this evidence proves Ellis “carried” the firearm.
*582 The majority improperly permits the jury to speculate from the absence of evidence regarding the removal of the firearm from the basement — when the government bears the burden to prove the elements of the crime. See United States v. Simms, 18 F.3d 588, 593 (8th Cir.1994) (“The burden to make out the guilt of the defendant ... is upon the government”); see also Stanback v. United States, 113 F.3d 651, 657 (7th Cir.1997) (“Absent any evidence in that vein, only speculation will permit us to construe the mere presence of the gun on the table as the kind of ‘active employment’ that Bailey requires as a precondition to conviction for ‘use’ of the firearm.”); United States v. Valerio, 48 F.3d 58, 64 (1st Cir.1995) (“[Although the government, need not exclude every reasonable hypothesis of innocence in order to sustain the conviction, we are loath to stack inference upon inference in order to uphold the jury’s verdict ” (emphasis added) (citation omitted)). •
Even assuming Ellis carried the firearm from the basement to the vehicle,, there is no evidence, direct or circumstantial, showing Ellis carried the firearm “during and in relation to” Ellis’s drug trafficking activities. We have consistently held, in keeping with Supreme Court precedent, that “ ‘simultaneous possession of drugs and ... firearm[s] is not alone sufficient to support a conviction under’ section 924(c).” United States v. Spencer, 439, F.3d 905, 914 (8th Cir.2006) (alteration-in original) (quoting United States v. Hamilton, 332 F.3d 1144, 1150 (8th Cir.2003)). Instead, some “[ejvidence. of a nexus between the defendant’s [carrying] of the firearm and the drug offense is required.” Id. And “temporal proximity between the carrying of a firearm and drug trafficking activity is important.” United States v. Bailey, 235 F.3d 1069, 1073 (8th Cir.2000).
Here, the majority posits a jury could infer “that Ellis, knowing police were on the way to the apartment,, retrieved the firearm ... and concealed it in his vehicle, along with his heroin stash, in an effort to protect this contraband from discovery by police.” (Maj. Op. 579 (emphasis added)). The majority concludes that from- this inference the jury could again infer that “Ellis carried the firearm with the purpose of facilitating his heroin-distribution activity.” (Id.) While one could speculate that the drugs and the firearm were connected because they were both located in the vehicle, “speculation is different from a reasonable legal inference based on specific evidence.” United States v. Turner, 511 Fed.Appx. 840, 844 (11th Cir.2013) (Barkett, J., dissenting) (per curiam) (unpublished). There exists not a single piece of evidence showing Ellis carried a firearm during a drug transaction, or any other drug trafficking activity. See id. at 845 (“Here there is no evidence ... Turner’s coconspirators possessed firearms during any acts that were part of the charged drug conspiracy, or that they possessed firearms to be used in furtherance of the conspiracy, or that Turner could have reasonably foreseen that his co-conspirators would possess firearms in furtherance of the conspiracy.”); United States v. Nichols, 184 Fed.Appx. 532, 537-39 (6th Cir.2006) (Chon, J., concurring in part, dissenting in part) (unpublished) (concluding insufficient evidence supported a section 924(c) conviction when the only evidence tying the firearm and drugs was their placement inside a vehicle); cf. United States v. Leary, 422 Fed.Appx. 502, 513 (6th Cir.2011) (unpublished) (holding the evidence did not permit an inference a firearm and drugs were connected, in part, because there was “no evidence that Leary possessed a gun” any time he was observed with drugs).
*583 Thus, concluding a nexus existed between Ellis’s alleged carrying of .the firearm from the basement and Ellis’s drug-trafficking activities requires stacking numerous inferences upon each other, almost all speculative. Spencer, 439 F.3d at 914 (holding some “[evidence of a nexus between the defendant’s [carrying] of the firearm and the drug offense is required”). In my view, this tenuous link between the facts presented at trial , and the conclusion Ellis carried the firearm during drug-trafficking activities falls on the side of speculation and it is impossible for a jury to find Ellis guilty beyond a reasonable doubt. See, e.g., United States v. Nance, 40 Fed. Appx. 59, 65-66 (6th Cir.2002) (unpublished) (concluding a potential to facilitate drug trafficking is not shown simply because a firearm and drugs were found inside a vehicle). To rule otherwise would undermine the “limiting” effect of the “during and in relation to” element of the crime, such that the government need not prove a nexus between the drug trafficking activities and the firearm. See Muscarel-lo, 524 U.S. at 139, 118 S.Ct. 1911, 141 L.Edüd 111 (holding the “during and in relation to” language is the “limiting phrase” in section' 924(c)(1) that “should prevent misuse of the statute to penalize those whose conduct does not create the risks of harm at which the statute aims”).
For these reasons, I vigorously dissent. For this non-violent offense, Ellis has been sentenced quite harshly. Ellis’s conviction under section 924(c)(1)(A) should be vacated on the merits and Ellis’s sentence should, theréby, be reduced by 60 months.