[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16269
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-20468-JAL-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL GARRETT CHAVOUS,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 1, 2013)

Before TJOFLAT, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Michael Chavous plead guilty to conspiracy to possess with intent to distribute 5 or more kilograms of cocaine, in violation of 21 U.S.C. § 846, and the District Court sentenced him to a prison term of 135 months.  The 135-months' term was at the bottom of the sentence range prescribed by the Sentencing Guidelines.

Chavous appeals his sentence, arguing that in determining his sentence range under the Guidelines, the District Court erred in (1) enhancing the base level for his offense by two levels pursuant to U.S.S.G. § 2D1.1(b)(1), based on his possession of a firearm, (2) enhancing the base offense level by two levels pursuant to U.S.S.G. § 3B1.1(c), based on his role as an organizer, leader, manager, or supervisor of criminal activity, and (3) determining that he was ineligible for a two-level reduction of his offense level under the safety-valve provision, pursuant to U.S.S.G. § 5C1.2, because he played a supervisory role in the offense and possessed a firearm in connection with the offense.  We find no error and affirm.

Section 2D1.1(b)(1) of the Sentencing Guidelines provides for a two-level increase of the base offense level, "[i]f a dangerous weapon (including a firearm) was possessed."  "The enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1, comment. (n.3(A)).  The Government has the initial burden of

showing that "the firearm was present at the site of the charged conduct or . . . that the defendant possessed a firearm during conduct associated with the offense of conviction." *United States v. Stallings*, 463 F.3d 1218, 1220 (11th Cir. 2006). "[T]he government must show that the firearm had some purpose or effect with respect to the drug trafficking crime; its presence or involvement cannot be the result of accident or coincidence." *Id.* (quotation omitted). However, the Government need not prove that the firearm was used to facilitate the offense. *United States v. Audain*, 254 F.3d 1286, 1289 (11th Cir. 2001). If the Government is successful in meeting this initial burden, then the evidentiary burden shifts to the defendant, who must demonstrate that a connection between the weapon and the offense was "clearly improbable." *Stallings*, 463 F.3d at 1220 (quotation omitted).

The District Court did not err in applying a two-level enhancement under § 2D1.1(b)(1). Chavous objected to the enhancement, but not to any of the facts stated in the presentence investigation report ("PSI"), including the facts supporting enhancement. Because Chavous did not object to any of these facts, he effectively admitted the facts for sentencing purposes. *See United States v. Wade*, 458 F.3d 1273, 1277 (11th Cir. 2006); *United States v.Aleman*, 832 F.2d 142, 145 (11th Cir. 1987). Here, the facts in the PSI are that (1) a loaded firearm found in the center console of a truck driven to the drug transaction belonged to Chavous, (2) Chavous had driven from Georgia to Florida with a large amount of cash that

was to be used to purchase cocaine, and (3) it is probable that the cocaine would have been transported in the truck, which contained a firearm, after the purchase of cocaine was completed because the other vehicle involved in the offense did not accompany Chavous to the transaction.  Because this evidence demonstrated that Chavous's possession of a firearm was part of the offense conduct, Chavous had the burden of demonstrating the "clear improbability" that the firearm was connected to the offense.  *See Stallings*, 463 F.3d at 1220.

Chavous offered no evidence, other than a proffer in which he argued that the gun was always in the vehicle's glove compartment and that he always traveled with a gun, that a connection between the firearm and the offense was "clearly improbable."  This, alone, was insufficient to show a clear improbability.  *See United States v. Trujillo*, 146 F.3d 838, 847 (11th Cir. 1998) (holding, in the § 2D1.1(b)(1) context, that a defendant failed to show that a connection between a firearm and an offense involving 300 kilograms of cocaine hidden inside and outside of a warehouse was "clearly improbable" where the firearm was in a closed office in the warehouse, the defendant was outside of the warehouse, and the defendant only had the firearm because of his job as a security guard).

We review the application of the § 3B1.1(c) leadership role enhancement for clear error.  *United States v. Barrington*, 648 F.3d 1178, 1200 (11th Cir. 2011), *cert. denied*, 132 S. Ct. 1066 (2012).  In cases where a defendant is an "organizer,

4

leader, manager, or supervisor" over one or more co-participants in a criminal activity, a two-level sentencing enhancement applies.  U.S.S.G. § 3B1.1(c) & comment. (n.2).

Section 3B.1(c) of the Guidelines provides for the enhancement of the offense level by two levels if the defendant was an organizer, leader, manager, or supervisor in the criminal activity.  The commentary to § 3B1.1 sets forth factors the District Court should consider in determining whether the enhancement applies: (1) the exercise of decision-making authority; (2) the nature of participation in the commission of the offense; (3) the recruitment of accomplices; (4) the claimed right to a larger share of the fruits of the crime; (5) the degree of participation in planning or organizing the offense; (6) the nature and scope of the illegal activity; and (7) the degree of control and authority exercised over others.  U.S.S.G. § 3B1.1, comment. (n.4).  All of these considerations need not be present.  *United States v. Martinez*, 584 F.3d 1022, 1026 (11th Cir. 2009).  Evidence showing that the defendant exerted influence or control over even one other individual will be sufficient to support an enhancement under § 3B1.1(c).  *United States v. Lozano*, 490 F.3d 1317, 1323 (11th Cir. 2007) (holding that, although the defendant lacked decision-making authority, the district court appropriately applied a § 3B1.1(c) enhancement because he instructed at least one co-conspirator to engage in criminal conduct and was "intricately involved in the offense"); U.S.S.G.

5

§ 3B1.1, comment. (n.2).  The § 3B1.1 commentary further states that "[t]here can, of course, be more than one person who qualifies as a leader or organizer of a criminal association or conspiracy."  U.S.S.G. § 3B1.1, comment. (n.4).  The government must prove the existence of a leadership role by a preponderance of the evidence.  *United States v. Yates*, 990 F.2d 1179, 1182 (11th Cir. 1993).

We conclude that the District Court properly applied a two-level § 3B1.1(c) enhancement for Chavous's role in the offense.  The evidence showed that Chavous exercised control over at least one of his codefendants because (1) the codefendant told FBI agents that Chavous had asked him to drive with a second codefendant to Florida, (2) the codefendant expected to be paid for his participation, and (3) Chavous provided his codefendants with the car in which they traveled to Florida for the drug transaction.  Thus, as the record shows, Chavous exerted influence and control over at least one codefendant, the court did not clearly err in applying the § 3B1.1(c) role enhancement.  *See Lozano*, 490 F.3d at 1323.  Moreover, the evidence demonstrated that Chavous (1) exercised decision-making authority, (2) participated in the offensive conduct to a higher degree than two of his codefendants, and (3) stood to gain a higher profit from the drug purchase than other participants.  *See* U.S.S.G. § 3B1.1, comment. (n.4).  Furthermore, the fact that a codefendant may have acted as a leader did not preclude the court from applying the aggravating-role enhancement.  *See id.*

A defendant has the burden of establishing his eligibility for "safety-valve" relief. *United States v. Cruz*, 106 F.3d 1553, 1557 (11th Cir. 1997). A defendant is eligible if he meets a list of criteria, including that he "was not an organizer, leader, manager, or supervisor of others in the offense," and did not "possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense." U.S.S.G. § 5C1.2(a)(2), (4).

In *United States v. Carillo-Ayala*, we held that a defendant is not necessarily precluded from arguing that he did not possess a firearm "in connection with" his offense under § 5C1.2, even though he received a firearm enhancement pursuant to § 2D1.1(b)(1). 713 F.3d 82, 90-91 (11th Cir. 2013). We indicated that § 5C1.2's "in connection with" requirement could be satisfied by a showing that the firearm (1) was in close proximity to drugs, or (2) facilitated, or had the potential to facilitate, the offense. *Id.* at 91-93.

Here, because the District Court properly found that Chavous was a manager or leader of others in the offense, he was ineligible for the safety-valve provision. *See* U.S.S.G. § 5C1.2(a)(4). Moreover, although he was not precluded from arguing that he did not possess a firearm in connection with the offense based on the § 2D1.1(b)(1) enhancement for possession of a firearm, the evidence demonstrates that the firearm had the potential to facilitate the offense. *See Carillo-Ayala*, 713 F.3d at 93. The firearm was located in the truck in which

7

Chavous drove to the drug deal.    Had the cocaine purchase been successful, Chavous likely would have driven the purchased cocaine in a vehicle containing a firearm.  As such, the gun had the potential to facilitate the offense, in that it had the potential to be used once Chavous entered the vehicle with the cocaine.

AFFIRMED.