[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11776
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-20468-JAL-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL GARRETT CHAVOUS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 10, 2014)

Before TJOFLAT, JULIE CARNES and FAY, Circuit Judges.

PER CURIAM:

On June 21, 2012, Michael Chavous and three others were charged in a two-count indictment with conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846, Count 1, and the substantive possession offense, Count 2, in violation of 21 U.S.C. § 841(a)(1).  The indictment also contained a forfeiture allegation which stated that upon conviction of either count,

> the defendants shall forfeit to the United States any property constituting or derived from any proceeds which the defendant obtained, directly or indirectly, as the result of such violations, and any property which the defendants used or intended to be used in any manner or part to commit or to facilitate the commission of the said violations.
>
> [] The property subject to forfeiture includes, but is not limited to:
> a) $65,000 in U.S. Currency;
> b) One (1) FM Detective 9mm pistol, Serial Number 361135, and eight (8) rounds of 9mm ammunition; and
> c) One (1) Taurus Millennium Pro 145 .45 caliber pistol, Serial Number NAM01210, and ten (10) rounds of .45 caliber ammunition.

Law enforcement officers seized these items when Chavous and a codefendant met with a confidential FBI agent, who was posing as a narcotics trafficker, at a warehouse and were arrested during the course of a purported drug transaction. Chavous and the codefendant agreed to receive five kilograms of cocaine in exchange for $65,000, which they had brought with them.

Chavous entered into a plea agreement with the government that called for him to plead guilty to the Count 1 conspiracy and to forfeit to the government the

property listed in the forfeiture allegation of the indictment.  On September 4, 2012, Chavous pled guilty to the Count 1 offense.  In doing so, he admitted the facts stated in the government's proffer, including his statement to the arresting officers that he intended to use the $65,000 to purchase cocaine.  The court accepted Chavous's guilty plea and on November 26, 2012, sentenced him to prison for 135 months.  The court also ordered forfeiture of the property described in the plea agreement.  Chavous appealed his conviction and sentence (but not the forfeiture order).  We affirmed.  *United States v. Chavous*, 522 F. App'x 799 (11th Cir. 2013).

On January 22, 2014, Chavous, proceeding *pro se*, filed a Petition for Hearing for Equal Rights in which he claimed that he was entitled to the $65,000 forfeited to the government because there were no drugs at the warehouse and, thus, the currency could not be subject to forfeiture.  The district court referred the petition to a magistrate judge who issued a report recommending that the court deny the petition.  He found that the petition was baseless because Chavous had admitted that the money was to be used to purchase cocaine and therefore constituted "property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, [a drug offense]," within the ambit of

3

the forfeiture statute, 21 U.S.C. § 853(a)(2).[1]  The district court adopted the recommendation and denied Chavous's petition.  Chavous now appeals.

We find no error in the district court's decision.   We construe Chavous's petition as a motion made pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure for the return of seized property.  First, by the explicit terms of his plea agreement, Chavous agreed to relinquish any and all rights, interest, and title to the $65,000, and he cannot now demonstrate a possessory interest in this property that he voluntarily agreed to surrender.  Furthermore, based on his admitted intent to use the money in a drug trafficking crime and his attempts to disclaim his prior representations about the $65,000, he came to the district court with unclean hands in filing his petition, and the district court would not have erred in denying him equitable relief on this basis.  *See United States v. Howell*, 425 F.3d 971, 974 (11th Cir. 2005); *Cuddeback v. Fla. Bd. of Educ.*, 381 F.3d 1230, 1235–36 (11th Cir. 2004).

AFFIRMED.

---

[1] Any person convicted of a felony drug offense under Title 21 of the United States Code shall forfeit to the United States "any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation."  21 U.S.C. § 853(a)(2).