[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11833
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-20468-JAL-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee.

versus

MICHAEL GARRETT CHAVOUS,

Defendant,

ELAINE CHAVOUS,

Interested Party-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 7, 2016)

Before TJOFLAT, WILLIAM PRYOR and FAY, Circuit Judges.

PER CURIAM:

In November 2012, Michael Chavous was sentenced on a plea of guilty to conspiracy to traffick cocaine. His sentence contained a provision forfeiting to the United States $65,000 in U.S. currency.[1] In *United States v. Chavous*, 522 Fed.Appx. 799 (11th Cir. 2013), we affirmed his conviction and his sentence, which the exception of the forfeiture provision which he did not challenge. In January 2014, Chavous petitioned the District Court for an order setting aside the forfeiture. The court denied the motion, and on appeal, we affirmed, treating Chavous' motion as a Federal Rule of Criminal Procedure 41(g) motion for the return of seized property. *United States v. Chavous*, 589 Fed.Appx. 468, 469 (11th Cir. 2014).

In January 2015, Chavous' wife, Elaine Chavous, alleging ownership of the forfeited $65,000, petitioned the District Court pursuant to 21 U.S.C. § 853(n) to hold a hearing so that her right to the money could be determined. The court referred the petition to a Magistrate Judge, who recommended that it be denied as untimely. The District Court, adopting the recommendation, denied the requested hearing and thus the petition. This appeal followed.

---

[1] A co-defendant, sentenced earlier, also forfeited to the United States the same $65,000.

On appeal, Mrs. Chavous, appearing *pro se,* argues that: (1) the government failed to meet the burden of proof necessary to acquire a forfeiture order; (2) the forfeiture violated both her and Mr. Chavous's due process rights; (3) Mr. Chavous's trial and appellate counsel were ineffective; and (4) the district court should have considered her objections to the magistrate judge's Report and Recommendation ("R&R").  After review of the record and consideration of the parties' briefs, we affirm the District Court's decision.

We review a district court's legal conclusions regarding third-party claims to criminally forfeited property *de novo* and its factual findings for clear error. *United States v. Marion*, 562 F.3d 1330, 1335 (11th Cir. 2009).

Criminal forfeiture proceedings are governed by 21 U.S.C. § 853 and Fed. R. Crim. P. 32.2.  *See* 21 U.S.C. § 853; Fed. R. Crim. P. 32.2.  Any person convicted of certain felony drug offenses must forfeit any property derived from the violation.  21 U.S.C. § 853(a).  If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture without regard to any third party's interest in the property.  Fed. R. Crim. P. 32.2(b)(2).  Following the entry of an order of forfeiture, including a preliminary order, the government must publish notice of its intent to dispose of the property and provide direct written notice to any person known to have an alleged interest in the property to the extent practicable.  *Marion*, 562 F.3d at 1339; 21 U.S.C. § 853(n)(1); Fed. R.

3

Crim. P. 32.2(b)(6).  The preliminary order becomes final as to the defendant at sentencing.  Fed. R. Crim. P. 32.2(b)(4).  A third party has 30 days after the final publication of notice to petition the court for a hearing to adjudicate the validity of her interest in the property.  21 U.S.C. § 853(n)(2).  If a third party fails to file a petition before the deadline, she forfeits her interest in the property.  *Marion*, 562 F.3d at 1337.  Following the court's disposition of all petitions, or if no petitions are timely filed, the United States receives clear title to the property.  21 U.S.C. § 853(n)(7).

If a third party files a petition asserting an interest in the property as prescribed by statute, the court must conduct an ancillary proceeding.  Fed. R. Crim. P. 32.2(c)(1).  If no third party files a timely petition, the preliminary order becomes the final order of forfeiture if the court finds that the defendant, or any combination of defendants convicted in the case, had an interest in the property that is forfeitable.  Fed. R. Crim. P. 32.2(c)(2).  Neither the defendant nor a third party may object to the final order on the ground that the third party had an interest in the property.  *Id.*

An ancillary proceeding constitutes the sole means by which a third party can establish entitlement to the forfeited property.  *United States v. Davenport*, 668 F.3d 1316, 1320 (11th Cir. 2010).  Third parties are barred from intervening in a trial or appeal of a criminal case involving the forfeiture of property, and are

instead limited to participating in the ancillary proceeding. *Id.*; 21 U.S.C. § 853(k). Third parties cannot relitigate the merits of the forfeitability of property, but can only use the ancillary proceeding to determine if they have a legal interest in the forfeited property. *Davenport*, 668 F.3d at 1321. The sole mechanism for vindicating a third party's purported interest in forfeited property is the ancillary proceeding. *Id.* They lack standing to challenge the validity of the order of forfeiture itself. *Id.*

The District Court properly determined that Mrs. Chavous's third-party petition in response to the criminal forfeiture was untimely because it was filed over two years after the mandatory deadline. The government's publication of forfeiture provided sufficient notice under the circumstances because it had no reason to believe that she had an interest in the property. Finally, Mrs. Chavous lacks standing to raise her remaining arguments that the government failed to meet its burden of proof in Mr. Chavous's criminal trial and that Mr. Chavous's trial and appellate counsel were ineffective because these two arguments challenge the validity of the preliminary order of forfeiture in the underlying criminal trial, which only Mr. Chavous has standing to challenge.

AFFIRMED.

5