[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 03-11905

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 7, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 02-00045-CR-19-1

UNITED STATES OF AMERICA,

                                                    Plaintiff-Appellee,

                        versus

NEYAUNTEU STALLINGS,
a.k.a. "Coolio",
MILTON LUCAS,
RICHARD ALLEN HEPBURN,
a.k.a. "Al",
WALTER DEAN JOHNSON,
a.k.a. "Walt",

                                                    Defendants-Appellants.

_____

No. 03-12620

_____

D. C. Docket No. 02-00045-CR-11-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EUSEBIO PHELPS, a.k.a. "Ebbie",

Defendant-Appellant.

_____

No. 04-10882

_____

D. C. Docket No. 02-00045-CR-8-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEX SESSION,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Northern District of Georgia

_____

**(September 7, 2006)**

2

Before ANDERSON, BARKETT and CUDAHY,[*] Circuit Judges.

CUDAHY, Circuit Judge:

This appeal stems from a complicated criminal drug conspiracy centered in Atlanta, Georgia. In January 2002, a grand jury returned an indictment charging more than twenty defendants in a conspiracy involving possession with intent to distribute cocaine hydrochloride and heroin. Six defendants are before us on appeal, including Walter Dean Johnson. These six defendants initially entered pleas of not guilty; one later changed his plea. The district court sentenced all the defendants to various prison sentences, which they timely appealed. We resolved most of the claims raised in this appeal by way of a separate unpublished opinion. *United States v. Stallings et al.*, _____ F.3d _____ (11th Cir. 2006). Here we consider only defendant Johnson's argument that the district court erred in enhancing his sentence for possession of a firearm under U.S.S.G. § 2D1.1(b)(1).

## I. BACKGROUND

A jury convicted Johnson of distributing cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count 1). The district court sentenced him to 168 months,

---

[*] The Honorable Richard D. Cudahy, Circuit Court Judge for the United States Court of Appeals for the Seventh Circuit, sitting by designation.

which included an enhancement for firearms possession and for obstruction of justice. The district imposed the firearms enhancement based upon the fact that the police found three pistols in Johnson's home, which they searched when they arrested him for his role in the narcotics conspiracy. Johnson shared that home with at least three other adults; the government introduced no evidence that possession of the pistols was somehow unlawful. Additionally, the police found no evidence of drug paraphernalia in Johnson's home.

## II. FIREARMS ENHANCEMENT

For sentencing purposes, possession of a firearm involves a factual finding, which we review for clear error. *United States v. Alred*, 144 F.3d 1405, 1420 (11th Cir. 1998); *United States v. Geffrard*, 87 F.3d 448, 452 (11th Cir. 1996). The federal Sentencing Guidelines provide that, if a dangerous weapon (including a firearm) was possessed during a drug-trafficking offense, then a defendant's offense level should be increased by two levels, unless it is clearly improbable that the weapon was connected to the offense. *United States v. Audain*, 254 F.3d 1286, 1289 (11th Cir. 2001). To justify a firearms enhancement, the government must either establish by a preponderance of the evidence that the firearm was present at

the site of the charged conduct or prove that the defendant possessed a firearm during conduct associated with the offense of conviction. *Id.* If the government is successful in meeting this initial burden, then the evidentiary burden shifts to the defendant, who must demonstrate that a connection between the weapon and the offense was "clearly improbable." *Id.* (citing *United States v. Hall*, 46 F.3d 62, 63 (11th Cir. 1995).

In deciding whether the government satisfied its initial burden, relevant conduct includes "acts 'that were part of the same course of conduct or common scheme or plan as the offense of conviction.'" *United States v. Smith*, 127 F.3d 1388, 1390 (11th Cir. 1997) (quoting U.S.S.G. § 1B1.3(a)(2)). More specifically, the government must show that the firearm had "some purpose or effect with respect to the drug trafficking crime; its presence or involvement cannot be the result of accident or coincidence." *United States v. Timmons*, 283 F.3d 1246, 1251 (11th Cir. 2002) (citing *United States v. Smith*, 508 U.S. 223, 238 (1993)).

Here, not one witness said anything about Johnson's using or carrying a firearm during any of the drug transactions for which he was convicted. Nor did the government produce any evidence that Johnson possessed the firearms in question here during conduct associated with drug-trafficking activities. The *only* evidence that the government introduced was that the police found three handguns

in Johnson's home—where no one suggested that any activities related to the conspiracy ever took place.

Although "'[e]xperience on the trial and appellate benches has taught that substantial dealers in narcotics keep firearms on their premises as tools of the trade,'" *United States v. Alvarez*, 755 F.2d 830, 849 (11th Cir. 1985) (citing *United States v. Perez*, 648 F.2d 219, 224 (5th Cir. Unit B 1981)), the mere fact that a drug offender possesses a firearm does not necessarily give rise to the firearms enhancement. The government must show some nexus beyond mere possession between the firearms and the drug crime. *See, e.g.*, *Timmons*, 283 F.3d at 1251 (noting that the "'in relation to' language 'allay[s] explicitly the concern that a person could be' punished under § 924(c)(1) for committing a drug trafficking offense 'while in possession of a firearm' even though the firearm's presence is coincidental or entirely 'unrelated' to the crime" (citing *Smith v. United States*, 508 U.S. 223, 238 (1993))); *United States v. Siebe*, 58 F.3d 161, 162–63 (5th Cir. 1995) (concluding that a firearms enhancement was not justified because, although police found ninety firearms in the defendant's home, they found no evidence there of drug paraphernalia or drug trafficking activities); *United States v. Salery*, 119 F. Supp. 2d 1268, 1275 (M.D. Ala. 2000) (synthesizing cases and concluding that the government must prove that the weapon was found in the same

6

location as the drugs or that the weapon was part of conduct involved in a drug transaction).

Here, because the government provided no evidence connecting the pistols found in Johnson's home to his alleged drug activity and because the government never addressed the possibility that the weapons belonged to any of the other adults residing in his home, the government has failed to meet its burden. Applying the firearms enhancement on these facts is therefore clearly erroneous.

## III. CONCLUSION

Accordingly, the judgment of the district court is **AFFIRMED** in all respects but in the application of the firearms enhancer in computing Johnson's sentence, which is **vacated**. Johnson's case is **remanded** to the district court for resentencing consistent with both this opinion and our related unpublished disposition.