[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 2, 2009
THOMAS K. KAHN
CLERK

No. 08-11635
Non-Argument Calendar

_____

D.C. Docket  No. 07-00242-CR-4


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL JAMAAL FERGUSON,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(March 2, 2009)


Before EDMONDSON, Chief Judge, TJOFLAT and PRYOR, Circuit Judges.

PER CURIAM:

Michael Ferguson appeals his sentence for possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B). We affirm his sentence.

I.

Ferguson sold drugs from apartments occupied by young mothers and their children in exchange for helping with the rent. On two separate occasions, Ferguson sold crack cocaine to a confidential source in one of those apartments. Law enforcement officers obtained a search warrant for the apartment and, as they surveilled it, witnessed a steady stream of people enter and shortly thereafter leave the apartment.

The officers eventually executed the warrant and searched the apartment. They found, among other things, a loaded firearm in the foyer, a loaded firearm and two bags of marijuana under a couch cushion, crack cocaine, powder cocaine, marijuana, and ecstacy pills in a bag on the kitchen floor, ammunition in the kitchen cabinets, and powder cocaine by the back door. The officers found Ferguson hiding in a bedroom.

Ferguson was charged with five drug-related offenses. He pleaded guilty to one offense: possession with intent to distribute five grams or more of cocaine base. The district court accepted Ferguson's guilty plea, ordered a pre-sentence investigation report, and scheduled the matter for sentencing.

Ferguson faced a Federal Sentencing Guidelines range of 108 to 135 months' imprisonment. This calculation included a two-level enhancement for possession of a firearm, U.S.S.G. § 2D1.1(b)(1), as Ferguson was credited with possession of the firearm in the foyer.[1] Ferguson objected to the enhancement and claimed that he was not in actual or constructive possession of the firearm. The district court overruled the objection, concluded that the enhancement was proper, and sentenced Ferguson to the high end of the Guidelines range: 135 months' imprisonment. On appeal, Ferguson challenges the application of the firearm enhancement.

II.

We review a preserved objection to a district court's "findings of fact under U.S.S.G. § 2D1.1(b)(1) for clear error, and the application of the . . . Guidelines to

---

[1] Ferguson was not responsible for the firearm found under the couch cushion.

those facts de novo." United States v. Pham, 463 F.3d 1239, 1245 (11th Cir. 2006) (internal quotation marks omitted).

According to section 2D1.1(b)(1), a district court should increase a defendant's offense level by two where the defendant possessed a firearm in connection with a drug trafficking or possession offense. If the government shows by a preponderance of the evidence that the firearm was present at the site of the charged offense, the burden shifts to the defendant to show that the connection between the firearm and the offense is clearly improbable. United States v. Hall, 46 F.3d 62, 63 (11th Cir. 1995).

The district court did not err in applying a firearm enhancement here. The government introduced evidence that Ferguson was arrested in an apartment in which he had previously engaged in two drug transactions and where law enforcement officers found a loaded firearm near drugs packaged for individual sale, money, ammunition, and a cell phone. Ferguson offered nothing to refute those facts or the connection they established between the firearm and his drug-related offense. We therefore see no error in the district court's decision to apply a firearm enhancement in this case.[2]

---

[2] Ferguson's reliance on United States v. Stallings, 463 F.3d 1218 (11th Cir. 2006), is misplaced. In Stallings, we vacated the application of a firearm enhancement because the government failed to provide any evidence that the firearms found in the defendant's home --

## III.

Ferguson's sentence is AFFIRMED.

---

where no drug-related activities took place—belonged to the defendant or were somehow connected to drug-related activities.  Id. at 1220-21.  By contrast, in this case, the firearm was found in close proximity to drugs and drug paraphernalia and in the apartment where Ferguson had previously engaged in two drug transactions.