BARKETT, Circuit Judge,
dissenting:
Although the district court’s findings of fact under § 2D1.1 are entitled to deference and may only be reversed for clear error, it is nevertheless necessary that there exist some evidence of a connection between the defendant’s possession of a firearm and the charged drug trafficking offense to apply the sentencing enhancement. See United States v. Stallings, 463 F.3d 1218, 1220 (11th Cir.2006) (“[T]he government must show that the firearm had ‘some purpose or effect with respect to the drug trafficking crime; its presence or involvement cannot be the result of accident or coincidence.’ ”) (citing United States v. Timmons, 283 F.3d 1246, 1251 (11th Cir.2002)).
Whether the evidence here was sufficient to establish this connection is a close call because the charged crime and Turner’s gift or sale of firearms to others occurred during the same approximate time frame. Therefore, it is easy to speculate that the drugs and firearms might have been connected. However, speculation is different from a reasonable legal inference based on specific evidence, which is what is required to support a sentencing enhancement.[1] See United States v. Newman, 614 F.3d 1232, 1238 (11th Cir.2010) *845 (“A district court’s factual findings used to support a sentencing enhancement must be based on reliable and specific evidence and cannot be based on speculation.”); United States v. Cataldo, 171 F.3d 1316, 1321 (11th Cir.1999) (“[Cjourts must not speculate concerning the existence of a fact which would permit a more severe sentence under the guidelines.” (internal quotation omitted)).
Here there is no evidence whatsoever either that Turner’s co-conspirators possessed firearms during any acts that were part of the charged drug conspiracy, or that they possessed firearms to be used in furtherance of the conspiracy, or that Turner could have reasonably foreseen that his co-conspirators would possess firearms in furtherance of the conspiracy. To reach the district court’s conclusion that there existed a nexus between the co-conspirators’ possession of firearms and the charged drug conspiracy requires stacking numerous inferences upon each other. Doing so, however, makes the link between the facts and conclusion so tenuous that it falls on the side of speculation, not reasonable inference.
The total basis for the district court’s conclusion that a connection was proven consisted of: (1) co-conspirator Jonathan Stephens’s possession of a firearm, which he said he obtained from Turner, during a separate and unrelated arrest; (2) co-conspirator Custodio Guerra’s possession of a firearm, which he said he obtained from Turner, in a meeting with an undercover agent; and (3) Guerra’s statement to the agent that he generally carried a gun during drug transactions.
However, with reference to Stephens, the record does not indicate the circumstances of his arrest or even that it was drug-related. In fact, there is no evidence at all that Stephens possessed the firearm during any drug transaction or that the possession was in any other way related to drugs. Although the government presented evidence that Stephens was engaged in drug transactions around the same general time that he possessed the firearm, “the mere fact that a drug offender possesses a firearm does not necessarily give rise to the firearms enhancement. The government must show some nexus beyond mere possession between the firearms and the drug crime.” Stallings, 463 F.3d at 1221. It has failed to do so here. To infer from this record that Stephens possessed firearms in furtherance of the charged drug conspiracy is to speculate that a drug offender who possesses a gun during a separate offense — and not necessarily a drug offense — will always possess a gun in every other offense in which he is involved.
The evidence is also insufficient to establish that Guerra possessed a firearm to be used in furtherance of the conspiracy charged. First, only two guns were mentioned during the conversation between Guerra and Agent Whittle. The first was a .45 handgun, which Guerra said he could potentially obtain from Turner to sell to Whittle. However, there was no evidence that Guerra ever actually possessed that handgun. Whittle admitted during the sentencing hearing that the sale of the .45 handgun never occurred and that he did not know whether the handgun actually existed. The only other gun involved was the Mauser rifle that Guerra did sell to Whittle. However, while Whittle purchased drugs from Guerra on other occasions, there is no evidence that Whittle’s purchase of the rifle occurred in conjunction with the charged drug conspiracy.
Second, even though Guerra advised Whittle that he is generally armed during *846 drug transactions, Whittle admitted that he did not know whether Guerra was armed and that Guerra denied carrying a firearm during their conversation. The government presented no other evidence that Guerra was ever armed during a drug transaction, let alone that he used the specific firearm at issue for protection during the charged drug conspiracy. On the contrary, the only evidence regarding the rifle that Turner gave to Guerra indicates that Guerra possessed the rifle in order to sell it independently of the relevant drug conspiracy. In light of this lack of evidence, I believe it is speculation, not reasonable inference, to conclude that Guerra possessed firearms, including the one he received from Turner, in furtherance of the drug conspiracy charged.[2]
In short, while the evidence is certainly sufficient to support a reasonable inference that Turner gave firearms to known drug dealers, it does not support the requisite inference that these individuals possessed the firearms obtained from Turner in furtherance of the specific drug conspiracy charged. A sentence of approximately 37 additional months of imprisonment[3] should not be based on the presumption that whenever a defendant is contemporaneously involved in both drug and firearms transactions the two will always necessarily be connected. It is beyond question that one can be involved in unrelated crimes at the same time.
There is no evidence on this record connecting the firearms to the drug transactions apart from the temporal proximity between the drug and firearm sales. To jump from this temporal proximity to the conclusion that Turner’s co-conspirators possessed firearms in furtherance of the charged conspiracy and that Turner could have reasonably foreseen their possession requires too great of an inferential leap. Accordingly, even in light of the deferential standard of review awarded to the district court’s findings of fact, I believe the district court clearly erred in applying the § 2Dl.l(b)(l) sentencing enhancement based on co-conspirator possession.

. Black's Law Dictionary defines "inference” as a “conclusion reached by considering oth *845 er facts and deducing a logical consequence from them” and "speculation” as the "act or practice of theorizing about matters over which there is no certain knowledge.” Black's Law Dictionary (9th ed.2009).

. The majority contends that the district court’s inference was reasonable "because evidence indicating a general practice of carrying guns during drug transactions can support an enhancement for possession of a firearm.” However, the cases the majority cites to support this proposition contained substantially more evidence of a nexus between drugs and firearms than is present here. In United States v. Slade, there was testimony from the defendant’s co-conspirator that the defendant "always carried guns” during drug transactions, testimony from a state detective familiar with the investigation confirming that the co-conspirator's statements were truthful and reliable, evidence that the defendant had been convicted of gun offenses during the course of the drug conspiracy, and evidence that the defendant shot known drug dealers. 631 F.3d 185, 189 (4th Cir.2011). Here, the only evidence tending to support a nexus between the firearms and drugs is Guerra’s unsupported statement regarding his practice of carrying guns during drug transactions, which notably he made while trying to convince a potential buyer of the usefulness of guns. In United States v. Aired, a co-conspirator testified that there were guns "laying everywhere” during a marijuana transaction. 144 F.3d 1405, 1420 (11th Cir. 1998). Here, there was no evidence that guns were present during any drug transactions.

. Without the sentencing enhancement, Turner faced a guidelines sentencing range of 151 to 188 months of imprisonment. U.S. Sentencing Guidelines Manual ch.5, pt. A, sentencing table (2009). The application of the sentencing enhancement raised Turner’s guidelines range to 188 to 235 months. Id. The district court sentenced Turner to the low-end of the guidelines range.