[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-16486
Non-Argument Calendar

_____

D.C. Docket No. 9:12-cr-80079-KAM-6


UNITED STATES OF AMERICA,

                                                    Plaintiff-Appellee,

versus

DOMINGO RODRIGUEZ,
a.k.a. Giovanni,

                                                    Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 6, 2013)

Before TJOFLAT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

      Domingo Rodriguez appeals his 120-month sentence, imposed after he pled

guilty to conspiring to possess with intent to distribute over five kilograms of

cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii) and 846; possessing cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); and possessing over 500 grams of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(ii).  Rodriguez's sole contention on appeal in that he erroneously received a two-level firearm enhancement, pursuant to U.S.S.G. § 2D1.1(b)(1), at sentencing.  At the sentencing hearing, a Drug Enforcement Agency agent testified that Rodriguez brandished a gun at his coconspirator's house and threatened to use it in retaliation for the theft of three kilograms of cocaine.  Further, in Rodriguez's home, agents found three firearms, ammunition, a bulletproof vest, and a black trash bag containing drug paraphernalia, including vacuum-seal bags, rubber bands, and ledgers. Additionally, a gun was found in Rodriguez's minivan, the same van he used to purchase cocaine during the conspiracy.  The district court found that the display at Rodriguez's coconspirator's house and the guns in Rodriguez's home supported the enhancement.

Rodriguez contends there was insufficient evidence to show a connection between the firearms and the drug-trafficking conspiracy.  He argues that he displayed the gun at his coconspirator's house simply to blow off steam, not to protect his drugs or threaten anyone, and that there is no nexus between the guns at his house and the conspiracy.  No drugs were found at the house and he was never

observed engaging in drug transactions at the home.  Finally, Rodriguez denies that the bags, ledgers, and rubber bands found in his home were drug paraphernalia.

"We review the district court's findings of fact under U.S.S.G. § 2D1.1(b)(1) for clear error, and the application of the Sentencing Guidelines to those facts de novo."  *United States v. Pham*, 463 F.3d 1239, 1245 (11th Cir. 2006) (per curiam) (internal quotation marks omitted).  Under the clear error standard, we will not disturb the district court's factual findings unless "our review of the record leaves us with the definite and firm conviction that a mistake has been committed." *United States v. White*, 335 F.3d 1314, 1319 (11th Cir. 2003) (internal quotation marks omitted).  The Sentencing Guidelines provide that a defendant's offense level should be adjusted upward by two levels if the defendant used a dangerous weapon during the commission of a drug-trafficking offense.  U.S.S.G. § 2D1.1(b)(1).  According to the application notes, "[t]he enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense."  U.S.S.G. § 2D1.1 cmt. n.11(A).

We have interpreted the Guideline and its application notes to mean that "[t]o justify a firearms enhancement, the government must either [1] establish by a preponderance of the evidence that the firearm was present at the site of the charged conduct or [2] prove that the defendant possessed a firearm during conduct associated with the offense of conviction."  *United States v. Stallings*, 463 F.3d

3

1218, 1220 (11th Cir. 2006); *see United States v. Hunter*, 172 F.3d 1307, 1308–10 (11th Cir. 1999) (affirming district court's finding that a firearm discovered in defendant's home was conduct relevant to defendant's possession of narcotics with intent to distribute, based on evidence that drug paraphernalia, including plastic baggies and transaction records, were also found in defendant's home, notwithstanding fact that no known drug sales took place at defendant's home).  If the government succeeds in making that showing, the burden shifts to the defendant to show that a connection between the weapon and the offense was "clearly improbable." *United States v. Audain*, 254 F.3d 1286, 1289 (11th Cir. 2001) (per curiam).  That said, the fact that a drug offender possesses a firearm, standing alone, does not necessarily justify application of the firearms enhancement. *Stallings*, 463 F.3d at 1221 (reversing enhancement for firearms found in defendant's home, explaining that the government failed to meet its burden because it "provided no evidence connecting the pistols found in [defendant's] home to his alleged drug activity" and it "never addressed the possibility that the weapons belonged to any of the other adults residing in his home").

We discern no clear error in the district court's application of the firearms enhancement in this case.  Rodriguez's display of a gun at his conspirator's house, in addition to the three guns found at Rodriguez's home, show that Rodriguez

4

possessed firearms "during conduct associated with the offense of conviction." *Id.* at 1220. To begin, the district court found that Rodriguez brandished the gun at his coconspirator's house with an eye to protect his drug-dealing by threatening to use the weapon in retaliation against persons responsible for stealing his drugs. We see no reason to doubt that determination. Further, three guns and gun-related items, including a bullet-proof vest, were found in close proximity to drug paraphernalia (vacuum-seal bags, rubber bands, and ledgers) at Rodriguez's home, and there was ample evidence from which the district court could conclude that the paraphernalia found in the home was part of the same course of conduct (conspiracy and possession with intent to distribute narcotics) for which Rodriguez was ultimately charged and convicted. *See Hunter*, 172 F.3d at 1309. Although Rodriguez disputed that the items in the trash bag at his home were drug paraphernalia, the district court did not credit his version of the facts, and the court's conclusion in that regard was not clearly erroneous. Because the government showed that the guns were in proximity to relevant offense conduct, Rodriguez bore the burden of showing that it was clearly improbable that the weapons were used in connection with the offense. *See Audain*, 254 F.3d at 1289. Rodriguez failed to make that showing.

**AFFIRMED.**

5