[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13450
Non-Argument Calendar
_____

D.C. Docket No. 4:14-cr-00047-MW-CAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DERRICK DWAYNE MACKEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(May 2, 2016)

Before TJOFLAT, WILSON, and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Derrick Dwayne Mackey appeals his 120-month sentence, imposed after pleading guilty to one count of possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii)(II). Mackey argues that the district court erred by relying on the testimony of a cooperating witness to support his sentencing enhancements.

"In reviewing a sentence under the Sentencing Guidelines, we 'give due regard to the opportunity of the district court to judge the credibility of the witnesses.'" *United States v. Alred*, 144 F.3d 1405, 1417 (11th Cir. 1998) (quoting 18 U.S.C. § 3742(e)). Thus, we defer to the decision of the fact finder—here, the district court—as to the credibility of a witness "unless the witness's testimony [i]s unbelievable on its face." *United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002) (citing *United States v. Rivera*, 775 F.2d 1559, 1561 (11th Cir. 1985)).

Mackey avers that the testimony of cooperating witness Aisha Lawal was not credible and thus could not be relied upon by the district court to support the sentencing enhancements. He points to, *inter alia*, Lawal's "extreme motivation to fabricate evidence" as a "scorned ex-lover" and "inconsistencies as to her former statement" to a special agent. However, the district court found Lawal credible, and we must defer to this determination here. Lawal appeared in court to testify,

2

which gave the district court judge the opportunity to observe her.  Hence, "the fact finder personally observe[d] the testimony" and was in the best position to assess her credibility.  *See id.*  And, although Mackey characterizes Lawal as a "scorned ex-lover," we are not convinced that bias tainted her testimony.  As the district court noted, Lawal was advised of her Fifth Amendment rights and was not provided any type of immunity from the government in exchange for her testimony.  Nevertheless, she still testified and admitted to her involvement with drug transactions.

Additionally, independent record evidence corroborated Lawal's testimony. Lawal gave specific details about the cocaine trafficking business, testifying that she saw Mackey take a "brick" of cocaine, then break it down into smaller packages wrapped in plastic baggies, grease, and electrical tape.  This was precisely what Mackey had in his possession when he was arrested, which gives corroborative substance to Lawal's testimony.  Therefore, we cannot say Lawal's testimony is "unbelievable on its face." *See Rivera*, 775 F.2d at 1561 (internal quotation marks omitted).

For these reasons, the district court did not err in finding Lawal credible. Given that Mackey solely challenges the enhancements on that basis, we cannot conclude that the court clearly erred in applying the sentencing enhancements to

3

Mackey's sentence.[1]  *See United States v. Almedina*, 686 F.3d 1312, 1315 (11th

Cir. 2012) (clear error review applies to district court's determination of the

quantity of drugs attributable to a defendant for sentencing purposes); *United*

*States v. Stallings*, 463 F.3d 1218, 1220 (11th Cir. 2006) (district court's

determination for sentencing purposes that a defendant possessed a firearm subject

to clear error review).  Accordingly, we affirm.

> **AFFIRMED.**

---

[1] Indeed, it is worth noting that Mackey fails to account for the corroborative evidence upon which the district court also relied in making its sentencing determinations.  The district court found that holding Mackey accountable for over two kilograms of cocaine was a "conservative estimate . . . based not on some abstract calculation, but based on what others physically saw, further corroborated by the audio, further corroborated by other evidence in the case."  The district court additionally considered testimony from Special Agent Vickers, which it found credible and reliable, and we have no reason to question that decision.