[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10650
Non-Argument Calendar
_____

D.C. Docket No. 5:16-cr-00003-MTT-CHW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PHILLIP POWELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(December 4, 2017)

Before MARCUS, MARTIN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Phillip Powell appeals his 52-month sentence, imposed after he pled guilty to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).  On appeal, Powell argues that the district court erred by applying a two-level enhancement for possession of a firearm during a drug offense under United States Sentencing Guidelines ("USSG") § 2D1.1(b)(1).  After careful review, we affirm.

I.

In April 2015, a government narcotics task force executed a search warrant at Powell's home.  As police approached the door, they saw Powell and Joshua James seated at a table.  A search found 34.16 grams of methamphetamine and $450 in cash on Powell's person.  On the table, the officers found four handguns, four bags of ammunition, four magazines for the handguns, one set of digital scales, and a bag containing 2.1 grams of marijuana.  During his post-arrest interview, Powell said James owned the guns and had brought them over.[1]  He claimed James was showing him the guns when the police arrived.  Powell admitted he touched more than one gun.  He also said he had the methamphetamine and cash on him because he sold the drug to make money.

Based on this information, Powell's presentence report ("PSR") applied a two-level enhancement for possession of a dangerous weapon in connection with a

---

[1] Only one gun was registered to James.

2

drug offense under USSG § 2D1.1(b)(1).  Powell objected, arguing that he did not possess any weapon and the guns found on the table were not clearly connected to his drug offense.  At sentencing, the district court overruled the objection, finding that the government had met its burden for applying the enhancement based on the evidence found at Powell's home as well as his admissions in his post-arrest interview.  The court also determined that Powell had failed to meet his burden in response.

## II.

We review a district court's factual findings under USSG § 2D1.1(b)(1) for clear error and the application of the Guidelines to those facts de novo.  United States v. Pham, 463 F.3d 1239, 1245 (11th Cir. 2006) (per curiam).  "Commentary and Application Notes to the Sentencing Guidelines are binding on the courts unless they contradict the plain meaning of the text of the Guidelines."  United States v. Murrell, 368 F.3d 1283, 1288 n.4 (11th Cir. 2004).

## III.

Sentencing Guideline § 2D1.1(b)(1) adds a two-point enhancement if (1) a dangerous weapon, including a firearm, is (2) possessed (3) in connection with a drug offense.  USSG § 2D1.1(b)(1).  Application Note 11 states, "The enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense."  Id. cmt. n.11(A).

3

Powell primarily contends that Application Note 11 is a "plainly erroneous interpretation" of the enhancement's text because "presence" is not coextensive with "possession," and thus is not binding on this Court. He argues possession only encompasses actual or constructive possession, and the government did not show by a preponderance of the evidence that he possessed the guns. He also argues he showed any connection between the guns and drug offense was "clearly improbable."

Here, the district court did not err by applying the two-level enhancement. We do not disagree with Powell's argument that the Guidelines require the government to show he "possessed" the firearm, whether actually or constructively. See United States v. Villarreal, 613 F.3d 1344, 1359 (11th Cir. 2010). But we have consistently held that constructive possession exists when the defendant has control over the premises where the gun is found. See id. (finding constructive possession when "a fellow drug dealer[] attested to the presence of two semiautomatic firearms on a table in a marijuana stash house 'controlled' by Villarreal"); see also United States v. Hall, 46 F.3d 62, 63–64 (11th Cir. 1995) (per curiam) (noting "constructive possession suffices to support [the § 2D1.1(b)(1)] enhancement" and affirming enhancement's application when firearm was found in defendant's bedroom along with "scales, a ziplock bag containing cocaine residue, and a large amount of cash"). Given the guns were found at Powell's house, on

top of the table at which he was sitting, and he admitted to touching them, there was enough evidence to support the district court's finding, by a preponderance of the evidence, that Powell constructively possessed the firearms.[2]  See Villarreal, 613 F.3d at 1359.

The government also established that the guns were connected to the offense.  "[C]onduct that meets the § 2D1.1(b)(1) possession standard will not, in all cases, show a 'connection' between the firearm and the additional felony offense."  United States v. Carillo-Ayala, 713 F.3d 82, 90 (11th Cir. 2013).  However, "proximity between guns and drugs, without more, is sufficient to meet the government's initial burden under § 2D1.1(b)(1)."  Id. at 91.  In response to this type of proximity evidence, a defendant must show that a connection between the weapon and the offense is "clearly improbable."  United States v. Stallings, 463 F.3d 1218, 1220 (11th Cir. 2006).  As the district court noted here, Powell and James were "sitting around a table with all of the tools of the trade[:] the drugs, the scales, the money, the guns."  This was sufficient to shift the burden to Powell to show the connection between the firearms and his offense was "clearly improbable."  See Carillo-Ayala, 713 F.3d at 90–91.  The district court did not err in finding he failed to make this showing.

**AFFIRMED.**

---

[2] Because we conclude there was sufficient evidence to support constructive possession, we do not address whether there was also sufficient evidence to support actual possession.