[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13587
Non-Argument Calendar
_____

D.C. Docket No. 2:14-cr-00014-RWS-JCF-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STACEY C. MALOCH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 3, 2018)

Before WILSON, MARTIN, and BRANCH, Circuit Judges.

PER CURIAM:

Stacey Maloch appeals her 60-month sentence following her conviction for possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a) and (b)(1)(B).   On appeal, she argues that the district court clearly erred when it applied a two-level firearm enhancement under U.S.S.G. § 2D1.1(b)(1) to her sentence based on a stolen, unloaded gun found on the scene.  The government counters that Maloch invited any error that occurred, and that even if she did not, applying the enhancement was not clearly erroneous. After a careful review of the record and the parties' briefs, we affirm.

## I.

A district court's findings of fact under § 2D1.1(b)(1) are reviewed for clear error, while the application of those facts to the Sentencing Guidelines is reviewed de novo.  *United States v. Pham*, 463 F.3d 1239, 1245 (11th Cir. 2006) (per curiam).  However, we cannot review or reverse challenges where invited error exists.  *United States v. Love*, 449 F.3d 1154, 1157 (11th Cir. 2006) (per curiam). A party invites error when a party's statements or actions induce the district court into making an error.  *Id.*  We have applied the doctrine where the party affirmatively requested or specifically agreed with the challenged action of the district court.  *See United States v. Silvestri*, 409 F.3d 1311, 1337 (11th Cir. 2005).

## II.

2

Under § 2D1.1(b)(1), a defendant may receive a two-level enhancement if a firearm, or dangerous weapon, was possessed in connection with a drug trafficking crime. U.S.S.G. § 2D1.1(b)(1). In order to justify the enhancement, the government must establish by a preponderance of the evidence that the firearm was either (1) present at the site of the charged offense or (2) possessed by the defendant during conduct associated with the offense. *United States v. Stallings*, 463 F.3d 1218, 1220 (11th Cir. 2006). Further, the applicable guideline commentary explains that the "enhancement *should* be applied if the weapon was present, *unless* it is clearly improbable that the weapon was connected with the offense. For example, the enhancement would not be applied if the defendant, arrested at [his] residence, had an unloaded hunting rifle in the closet." U.S.S.G. § 2D1.1 cmt. n.11(A) (emphasis added). And if the government successfully meets that initial burden to justify the enhancement, the burden shifts to the defendant to show that a connection between the weapon and the offense was "clearly improbable." *Stallings*, 463 F.3d at 1220.

We have held that a weapon may be "present" at the site of the charged conduct even if it is not in the same room where the offense conduct occurred, as long as it is at the same general location. *See United States v. George*, 872 F.3d 1197, 1204–05 (11th Cir. 2017). We have also held that an unloaded gun does not

per se defeat application of the enhancement.  *See Pham*, 463 F.3d at 1241, 1245–46.

## III.

As an initial matter, our review is not precluded by the doctrine of invited error.  Although Maloch acknowledged that the objection to the firearm enhancement was likely moot, the objection was not withdrawn; rather, it was still made and argued.  Therefore, Maloch did not invite any error.  *See Love*, 449 F.3d at 1157; *Silvestri*, 409 F.3d at 1337.

Be that as it may, the district court did not clearly err in imposing the enhancement under § 2D1.1(b)(1).  Maloch conceded that the weapon was present in the same house as the methamphetamine, and thus, the government met its initial burden of showing that the firearm was present at the site of the charged conduct.  *See Stallings*, 463 F.3d at 1220; *George*, 872 F.3d at 1204–05.  The burden then shifted to Maloch to show that it was clearly improbable that there was a connection between the weapon and the offense; this burden was not met.  *Id.*  Although the stolen semiautomatic pistol was unloaded, and there was no ammunition at the scene, that does not automatically defeat application of the enhancement.  *See Pham*, 463 F.3d at 1241, 1245–46.  Furthermore, the situation here is distinct from the one described in the guideline application—it is not clearly improbable that a stolen semiautomatic pistol is connected to a crime, as opposed

4

to an ordinary hunting rifle found at a residence.  *See* U.S.S.G. § 2D1.1 cmt. n.11(A).  Accordingly, we affirm.

    **AFFIRMED.**