[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14740
Non-Argument Calendar
_____

D.C. Docket No. 1:01-cr-00513-CAP-LTW-4


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEEMIT HAND,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(January 11, 2019)


Before MARTIN, NEWSOM and BLACK, Circuit Judges.

PER CURIAM:

Keemit Hand appeals his sentence for conspiring to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(ii), and possessing, with intent to distribute, at least 5 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii) and 18 U.S.C. § 2.  Hand contends the district court clearly erred both by denying him a mitigating- or minor-role adjustment and by applying a two-level firearm enhancement.  Hand further contends the district court abused its discretion by imposing a sentence that is both procedurally and substantively unreasonable.  After review, we affirm.

## I.  DISCUSSION

### A.  Mitigating- or Minor-Role Adjustment[1]

Hand first contends the district court clearly erred by not granting him a mitigating-role, or at the very least a minor-role, adjustment under U.S.S.G. § 3B1.2.  According to Hand, a mitigating- or minor-role adjustment was required because the evidence at trial showed that he was merely "a hanger-on, an occasional helper to a helper."  Reply at 8.

But as the Government points out, the evidence arguably suggests Hand's role in the criminal enterprise was much more substantial.  Hand was arrested and convicted based on his participation in a transaction involving almost 150 kilos of

---

[1] We review for clear error a district court's determination of a defendant's role in an offense.  *United States v. Rodriguez De Varon*, 175 F.3d 930, 938 (11th Cir. 1999) (en banc).

cocaine.  The district court also heard evidence that Hand previously assisted one or more of his co-conspirators with handling, transporting, storing, and preparing drugs for distribution.  In addition, there was evidence suggesting Hand was working off a debt he owed to a co-conspirator because a large quantity of marijuana that was in Hand's possession went missing.  We have held that—while not necessarily dispositive in and of itself—a large quantity of drugs in a defendant's possession may be the best indication of the magnitude of his participation in a criminal enterprise.  *See United States v. Rodriguez De Varon*, 175 F.3d 930, 943 (11th Cir. 1999).

Hand dismisses the import of this evidence, asserting that "[e]ven if [he] did help Oliver with marijuana on these few occasions, such limited assistance did not *foreclose* him from a minor role adjustment, given he was held accountable and sentenced for 149 kilos of cocaine."  Reply at 4 (emphasis added).  Moreover, even if he participated in the cocaine transaction because he needed to pay off a debt based on a large quantity of marijuana being stolen from his care, it would "not *preclude* a finding of minor role."  *Id.* (emphasis added).  But the relevant question is not whether the minor-role adjustment is foreclosed or precluded by the evidence; the question is whether a minor-role adjustment is *required* by the evidence, such that failing to grant it was clear error.  *See United States v. Almedina*, 686 F.3d 1312, 1315 (11th Cir. 2012) ("Where a fact pattern gives rise

3

to two reasonable and different constructions, the factfinder's choice between them cannot be clearly erroneous." (quotation omitted)).

Hand contends a minor-role adjustment was nevertheless required because both the Government and the district court acknowledged he was not as culpable as some of the other members of his conspiracy. Specifically, he notes that: (1) in its closing argument, the Government acknowledged Hand was "a low man on the totem pole"; (2) the district court at sentencing acknowledged Hand was "a lesser participant as compared to some of the other defendants"; and (3) the Government's sentencing memo acknowledged Hand was "among the least culpable defendants charged in this case." Br. of Appellant at 9, 40, 46. As we have explained, however, "[t]he fact that a defendant's role may be less than that of other participants engaged in the relevant conduct may not be dispositive of role in the offense, since it is possible that none are minor or minimal participants." *Rodriguez De Varon*, 175 F.3d at 944. The district court's determination that Hand was neither a minor nor minimal participant was not clearly erroneous.

Finally, Hand contends the district court did not adequately demonstrate it considered all relevant factors.[2] This contention lacks merit. "In making the ultimate determination of the defendant's role in the offense, the sentencing judge

---

[2] Defendant did not timely object to the district court's summary explanation of its ruling on this issue. Thus, we review the district court's explanation only for plain error. *United States v. Barrington*, 648 F.3d 1178, 1195 (11th Cir. 2011).

4

has no duty to make any specific subsidiary factual findings." *Id.* at 939. Thus, as "long as the district court's decision is supported by the record and the court clearly resolves any *disputed* factual issues, a simple statement of the district court's conclusion is sufficient." *Id.* The district court did not plainly err by failing to discuss its findings with respect to each of the factors informing its conclusion that Hand was not entitled to a mitigating- or minor-role adjustment. And the district court's decision does not indicate it failed to consider or improperly considered any of the relevant factors.

## B. *Firearm Enhancement*[3]

Hand next contends the district court clearly erred by concluding he possessed a firearm in connection with a drug offense. *See* U.S.S.G. § 2D1.1(b)(1). One of Hand's co-conspirators brought a firearm with him to the site of the charged conduct. Thus, Hand had the burden of demonstrating that the connection between the firearm and the conspiracy was "clearly improbable." *United States v. Stallings*, 463 F.3d 1218, 1220 (11th Cir. 2006). The district court's conclusion that Hand failed to meet his burden was not clearly erroneous.

---

[3] We review for clear error a district court's finding at sentencing that a defendant possessed a firearm in connection with a drug offense. *United States v. Stallings*, 463 F.3d 1218, 1220 (11th Cir. 2006).

*C.  Reasonableness of Sentence*[4]

Finally, Hand contends the district court's sentence was both procedurally and substantively unreasonable.  For the reasons explained above, we reject Hand's challenges to the procedural aspect of his sentence.  With respect to substantive reasonableness, the district court did not abuse its discretion.  The record demonstrates the district court properly considered Hand's absconding, his history and characteristics, the nature and circumstances of his offense, and the need to avoid unwarranted sentencing disparities in arriving at a significantly below-Guidelines term of imprisonment.  *See United States v. Croteau*, 819 F.3d 1293, 1309–10 (11th Cir. 2016) (stating that a sentence within the Guidelines range and significantly below the statutory maximum indicates reasonableness).

## II.  CONCLUSION

The district court did not clearly err by failing to grant a mitigating- or minor-role reduction.  Nor did it clearly err by applying an enhancement for possessing a firearm in connection with a drug offense.  Because Hand's 188-month sentence was both procedurally and substantively reasonable, we affirm.

**AFFIRMED.**

---

[4] We review the reasonableness of a district court's sentence for an abuse of discretion. *United States v. Trailer*, 827 F.3d 933, 935 (11th Cir. 2016).