[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11013
Non-Argument Calendar
_____

D.C. Docket No. 3:17-cr-00051-CAR-CHW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONTAVIOUS MAURICE JACKSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(February 20, 2020)

Before WILSON, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Dontavious Jackson appeals his 110-month, within-guideline sentence. Pursuant to a plea bargain, Jackson pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He argues that the district court erroneously applied a base offense level of 20 and a two-level enhancement for a specific offense characteristic under U.S.S.G. § 2K2.1(a)(4)(B) and (b)(1)(A), based on its finding that he constructively possessed two firearms located in a laundry room in his residence's carport. For the following reasons, we affirm.

In the context of the Sentencing Guidelines, we review purely legal questions de novo, the district court's factual findings for clear error, and the district court's application of the Guidelines to the facts in most cases with due deference, which is tantamount to clear error review. *United States v. Rothenberg*, 610 F.3d 621, 624 (11th Cir. 2010). "For a finding to be clearly erroneous, [we] 'must be left with a definite and firm conviction that a mistake has been committed.'" *Id.* "For sentencing purposes, possession of a firearm involves a factual finding, which we review for clear error." *United States v. Stallings,* 463 F.3d 1218, 1220 (11th Cir. 2006). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. Saingerard*, 621 F.3d 1341, 1343 (11th Cir. 2010) (per curiam).

2

Unless otherwise specified, a convicted defendant's guideline range is determined based on all relevant conduct. *United States v. Valarezo-Orobio*, 635 F.3d 1261, 1264 (11th Cir. 2011) (citing U.S.S.G. § 1B1.1, comment. (n.1(H))). Relevant conduct includes not only the acts related to the offense of conviction, but also "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant . . . that occurred during the commission of the offense of conviction." U.S.S.G. § 1B1.3(a)(1)(A).

When the government seeks to apply a sentencing enhancement over a defendant's factual objection, it has the burden of proving the facts by a preponderance of the evidence with reliable and sufficient evidence. *United States v. Washington*, 714 F.3d 1358, 1361 (11th Cir. 2013). A preponderance of the evidence standard "requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence." *United States v. Almedina*, 686 F.3d 1312, 1315 (11th Cir. 2012). "The district court's factual findings for purposes of sentencing may be based on, among other things, evidence heard during trial, undisputed statements in the presentence investigation report, or evidence presented during the sentencing hearing." *United States v. Louis*, 559 F.3d 1220, 1224 (11th Cir. 2009) (alterations accepted).

A base offense level of 20 is applied if the offense involved a semiautomatic firearm capable of accepting a large-capacity magazine and the defendant was a

prohibited person when he committed the offense.  § 2K2.1(a)(4)(B).  If the offense involved three to seven firearms, the Guidelines instruct the district court to enhance the base offense level by two levels.  § 2K2.1(b)(1)(A).  For purposes of calculating the number of firearms in subsection (b)(1), the court can "count only those firearms that were unlawfully sought to be obtained, unlawfully possessed, or unlawfully distributed."  § 2K2.1, comment. (n.5).

"Possession of a firearm may be either actual or constructive."  *United States v. Perez*, 661 F.3d 568, 576 (11th Cir. 2011) (per curiam) (analyzing whether the defendant possessed a firearm during and in relation to a drug trafficking crime, in violation of § 924(c)).  "Constructive possession of a firearm exists when a defendant does not have actual possession but instead knowingly has the power or right, and intention to exercise dominion and control over the firearm."  *Id.*  To demonstrate constructive possession, the government must show "that the defendant (1) was aware or knew of the firearm's presence and (2) had the ability and intent to later exercise dominion and control over that firearm."  *Id.*

"[A] defendant's mere presence in the area of an object or awareness of its location is not sufficient to establish possession."  *United States v. Green*, 873 F.3d 846, 852–53 (11th Cir. 2017) (alteration accepted) (analyzing whether the evidence was sufficient to establish that the defendant possessed a firearm as a convicted felon in violation of § 922(g)).  However, a defendant's connection to the location

4

where a gun is found may be relevant to whether he had knowledge of the gun or ability and intent to exercise control or dominion over it. *See id.* at 853. Evidence that a defendant was engaged in drug trafficking may also be relevant to possession when the activity was conducted in sufficiently close proximity to the firearms. *United States v. Thomas*, 242 F.3d 1028, 1032 (11th Cir. 2001).

Here, Jackson admitted that the gun found in the living room was his; his appeal revolves around the other two found in the laundry room. But we are not left with a definite and firm conviction that the district court made a mistake—or, clearly erred—in finding that he had constructive possession of those guns. *See Stallings,* 463 F.3d at 1220. The undisputed facts in the presentence investigation report included these: Jackson had lived in the residence for 18 months; had accessed the laundry in the week preceding his arrest; and was engaged in drug trafficking throughout the residence and in close proximity to the firearms. These facts supported an inference that Jackson was aware of the two firearms in the laundry room and the conclusion that it was more likely than not that Jackson had the ability and intent to exercise dominion and control over them. Accordingly, the district court properly calculated Jackson's base offense level and applied a two-level enhancement for possession of those guns in calculating Jackson's guideline range.

**AFFIRMED.**